# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD KERRY ROLLINS,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:18-cv-00063-EPG<br><br>**FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding his applications for Disability Insurance Benefits and Supplemental Security Income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF Nos. 5, 6).

At a hearing on December 13, 2018, the Court heard from the parties and, having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law,

finds as follows:[1]

Plaintiff challenges the ALJ's treatment of a Medical Source Statement, Exhibit 1F. The portion of the ALJ's opinion is as follows:

> Similarly, very little weight was given to the provider who completed the Medical Source Statement in November 2012 (Exhibit 1F). This assessment also suggests that the claimant has very severe mental problems which preclude performance for 15% or more of an 8-hour day (Id.). The signature on both these documents is illegible and it does not appear to be a medically accepted opinion under the Social Security guidelines. Also, these providers have not provided adequate justification for these conclusory statements and have not provided function by function assessments.

(A.R. 27).

Although the signature is illegible (A.R. 381), a comparison of signatures with other records reveals that this Medical Source Statement was written by Dr. Matthew House. (A.R. 596). Moreover, Mr. House was a treating physician who evaluated Plaintiff on multiple occasions and submitted treatment records relevant to the Medical Source Statement. (A.R. 430 et seq.).

The ALJ's first reason for discrediting this opinion was based on a mistake, albeit an understandable mistake given that the only attribution to Mr. House was the illegible signature. Nevertheless, Mr. House was a medically acceptable opinion. Furthermore, the identification of Mr. House at least calls into question the second reason given by the ALJ because there are treatment records relevant to the assessment, although the parties disagree as to whether they provide sufficient basis for the limitations in the Medical Source Statement.

The parties also disagree as to what the ALJ would have done if he had realized the Medical Source Statement came from Dr. House. The Court believes that remand is appropriate for the ALJ to reconsider his opinion in light of this information, correcting the mistaken assumption. Because the ALJ did not realize the Medical Source Statement was from a treating

---

[1] The Court provided additional explanation for its decision on the record. The proceedings were recorded as the official record by electronic sound recording equipment. Transcripts are available at cost. Additionally, as a federal agency, the electronic sound recording files are available to the Social Security Administration at no cost. Please e-mail your request to Fresno_ECRO@caed.uscourts.gov.

physician with associated treatment records, it is possible he would have given it more credit in a way that may have changed the resulting opinion. It is also possible he would have given it the same weight, but provided more thorough reasons for doing so consistent with evaluation of such an opinion.

Accordingly, the decision of the Commissioner of the Social Security Administration is REVERSED and REMANDED for further administrative proceedings consistent with this opinion, specifically to consider the opinions in Exhibit 1F in light of the information provided above.

IT IS SO ORDERED.

Dated: **December 13, 2018**

/s/ *Erici P. Grosj*
UNITED STATES MAGISTRATE JUDGE